DALLAS B. PRATT, complainant, ALEXANDER D. B. PRATT et al., petitioners, appellants,

*v.*

AARON ENGEL et al., defendants, CHARLES E. S. SIMPSON, respondent.

[Submitted October 27th, 1933. Decided January 5, 1934.]

*Mr. J. Harry Hull,* for the appellants.

Respondent Simpson, *in propria persona.*

The opinion of the court was delivered by

PARKER, J.

As will be seen by a reading of the opinion filed by the vice-chancellor, the application for a writ of assistance subsequent to a foreclosure sale was based upon a notice and demand of possession served in December, 1932, more than three years after delivery of the sheriff's deed. Mr. Dallas B. Pratt, the mortgagee, the complainant in foreclosure, and the purchaser at the sale, died October 9th, 1929, about a week after delivery of the sheriff's deed, and after a hiatus of over three years, possession was demanded in 1932 in the name of Alexander D. B. Pratt personally, and said Alexander and Walter L. Stillman and United States Trust Company of New York "as trustees under the last will and testament of Dallas B. Pratt, deceased." The vice-chancellor held, in effect, that there had been undue delay in the application, and that the right of petitioners was not free from doubt; and denied the application on both grounds. Later, the petitioners (who were the same as the demandants named in the notice) prayed a re-argument, which was denied in an oral deliverance stating substantially the same grounds, and pointing out that "there was nothing set out in the papers that could not with diligence have been presented on the original application."

We think that the orders brought up should be affirmed, but find it unnecessary to go farther than to say that petitioners never produced satisfactory or legal evidence of their title under the decree and foreclosure sale. It seems plain enough that Dallas B. Pratt became the purchaser at the

sheriff's sale, and that the deed was legally delivered to his agent and through that agent to him. The petitioners claimed ownership under his last will and testament, proved in New York.

It appears by the affidavit of Alexander D. B. Pratt, made on March 17th, 1933, preparatory to the application for rehearing, that "an exemplified copy of the will of Dallas B. Pratt together with all proceedings connected with the probate thereof including the decree admitting the same to probate, letters testamentary and letters of trusteeship granted thereon was duly filed in the office of the surrogate of the county of Bergen on January 14th, 1933." See *P. L. 1896 p. 173 § 2; Comp. Stat. p. 2266*. But what the case shows, and for the first time on the application for rehearing, is a copy of the will and the first and second codicils without certification or exemplification. Assuming their authenticity, it is impossible to read from them such devolution of title from deceased Pratt as supports either the original or secondary application. The will gives personal property to the wife; directs division of residuary estate, real and personal, into shares; devises one share to Alexander, and the remaining shares to Alexander, the petitioner Stillman, and the widow on certain trusts in favor of children and grandchildren; empowers the trustees to hold property in specie; and authorizes the trustees to associate the Bank of America with them. By the first codicil the Bank of America clause was revoked, and instead, the trustees were authorized to appoint the United States Trust Company or the Farmers Loan and Trust Company, or such other trust company as they may select. The second codicil is merely a legacy of stock in a club in South Carolina.

The first petition, not modified or enlarged as to matters of title by the second, avers "that by the last will and testament of the said complainant, and the codicils thereto, your petitioners" (*i. e.,* Alexander D. B. Pratt, Walter N. Stillman and the United States Trust Company) "were devised the premises herein described, and are now the owners and holders thereof."

But the only proof, if an uncertified copy of the will and codicils can be called proof, is that Alexander Pratt and Stillman were devisees in conjunction with the widow. There is nothing except a clause in Alexander's affidavit of March 17th to show how her trustee interest was eliminated, if at all. There is nothing to show how the United States Trust Company came into the picture.

Disregarding any question as to joinder of beneficiaries with their trustees in an equitable proceeding, it nevertheless seems plain that the proof.does not show ownership of the property in manner and form as alleged.

The cases are plenary that the issue of a writ rests in the sound discretion of the court, and will not be ordered in a case of doubt, particularly as to title. *Board of Home Missions, &c., v. Davis, 70 N. J. Eq. 577,* and cases cited; *affirmed, 71 N. J. Eq. 788.* We cannot see that there was any abuse of that discretion. The orders brought up will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.